UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID GIBSON,

                Plaintiff,[1]

    -against-

N. CHASON; BRENSHAM, A.D.A. a/k/a Jane
Doe; JUDGE JANE DOE, Part 60; BRONX
PAROLE COMMISSIONER; PAROLE
OFFICER RODRIGUEZ; and P.O. CRETO,

                Defendants.
----------------------------------------------------------X

**ORDER**
23-CV-5050 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

    By Memorandum and Order dated July 18, 2023, the Court granted Plaintiff David Gibson's ("Plaintiff") request to proceed *in forma pauperis*, dismissed his Complaint, and granted him 30 days' leave to submit an amended complaint. For the reasons discussed below, Plaintiff's Amended Complaint, filed on August 29, 2023, is dismissed. Plaintiff is, however, granted a final opportunity to submit a second amended complaint.

## Background

    Plaintiff's Amended Complaint is far from a model of clarity. Plaintiff asserts that on May 26, 2015, he pled guilty to the crime of Robbery in the First Degree before Judge Melendez in Queens County Supreme Court under Indictment Number 1227-15. (Amended Complaint ("Am. Compl."), Dkt. 12, at ECF[2] 1, 7.) Plaintiff appears to take issue with the description of his offense documented in a report prepared by the New York State Department of Corrections and

---

[1] Plaintiff was incarcerated when he initially filed his Complaint but has since been released. (*See* Dkts. 1, 5.)

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

Community Supervision and attached to the Amended Complaint (the "Report"). (*Id*. at ECF 9.) The Report states that although Plaintiff pled guilty to Robbery, he also sexually assaulted the victim. (*Id*. at ECF 2, 9.) Although the date of the Report is unclear, the Report notes that Plaintiff, at that time, was serving a sentence for the crime referenced in Plaintiff's Amended Complaint, Robbery in the First Degree. (*Id*. at ECF 9.) The Amended Complaint also reflects that Plaintiff pled guilty to Criminal Possession of a Weapon in the Second Degree in Bronx County on September 25, 2015, and pled guilty to Assault in the Second Degree in Bronx County and was sentenced on December 13, 2017. (*Id*. at ECF 7–8.)

Plaintiff appears to suggest that the inclusion of the sexual assault language in the Report violated the terms of his plea agreement, as the sentencing minutes of his plea before Judge Melendez do not mention the alleged sexual assault. (*Id*. at ECF 2–3.) Plaintiff further asserts that he served "8 years of 9 unlawful sentence." (*Id*. at ECF 5.) It is unclear from the Amended Complaint whether Plaintiff is seeking monetary damages or injunctive or declaratory relief.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Federal Rule of Civil Procedure ("Rule") 8, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation and quotation marks omitted).

## Discussion

As Plaintiff alleges violations of his constitutional rights by state actors, the Court liberally construes Plaintiff's claims asserted in the Amended Complaint as brought under 42 U.S.C.

3

§ 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"  42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

I.      **Plaintiff's Claim Against Judge Jane Doe**

Plaintiff's claim against the judge assigned to his Queens County state criminal action, referred to as "Judge Jane Doe" in the case caption and as "Judge Melendez" in the body of the Amended Complaint (hereinafter "Judge Jane Doe"), must be dismissed because judges have absolute immunity from a suit for damages for any actions taken within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in Section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under [Section] 1983.") (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016).  "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived

4

of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); *Basile v. Connolly*, 513 F. App'x 92, 94 (2d Cir. 2013) (quoting same). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

Here, Plaintiff's sole allegation against Judge Jane Doe is that she sentenced Plaintiff. (*See* Am. Compl., Dkt. 12, at ECF 1.) Because Plaintiff sues Judge Jane Doe for "acts arising out of, or related to, individual cases before the judge," Judge Jane Doe is immune from suit for such claim. *Bliven*, 579 F.3d at 210; *Thomas v. Fed. Govt.*, No. 23-CV-4666 (LTS), 2023 WL 4106452, at *3 (S.D.N.Y. June 20, 2023). Therefore, Plaintiff's claim against Judge Jane Doe is dismissed for failure to state a claim upon which relief may be granted and because Judge Jane Doe is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

## II.     Plaintiff's Claim Against Assistant District Attorney Brensham

It is well established that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" "is immune from a civil suit for damages under [Section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (noting that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Imbler*, 424 U.S. at 420 ("The Courts of Appeals . . . are virtually unanimous that a prosecutor enjoys absolute immunity from [Section] 1983 suits for damages when he acts within the scope of his prosecutorial duties."). "Because the immunity attaches to the official prosecutorial function and because the

5

initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction[.]'" *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (internal citations omitted) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)).

Here, to the extent that Plaintiff alleges that Defendant Brensham committed misconduct during the plea-bargaining stage, any such misconduct is protected by the doctrine of absolute immunity. *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981); *see also Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at *2 (2d Cir. Oct. 17, 2022), *cert. denied*, 143 S. Ct. 1750 (2023) (finding that prosecutors are absolutely immune for "pursuing charges, opposing a discovery request, and seeking a restraining order in the context of plea negotiations"). Accordingly, Plaintiff's claim against Assistant District Attorney Brensham is dismissed based on absolute immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

### III. Plaintiff's Claims Against Officer N. Chason, Officer Creto, Commissioner of Bronx Parole, and Parole Officer Rodriguez

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under [Section] 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). As previously noted, it is difficult to discern the true nature of Plaintiff's claims against Officer Chason, Officer Creto, and the Parole Office defendants. Plaintiff fails to plausibly allege facts demonstrating that the above-mentioned defendants were personally involved in Plaintiff's alleged constitutional

6

violations. *See, e.g.*, *Montero v. Travis*, 171 F.3d 757, 761–62 (2d Cir. 1999) (affirming that "the claim against [parole board chairman] was properly dismissed as frivolous because [plaintiff] never alleged any facts describing [parole board chairman]'s personal involvement in the claimed constitutional violations"); *Quintin v. County of Nassau*, No. 18-CV-5852 (JS)(ARL), 2022 WL 888950, at *3 (E.D.N.Y. Mar. 25, 2022) (dismissing claim against officer where there was no indication that the officer had any personal involvement in the purported constitutional deprivations). Accordingly, Plaintiff's claims against Officer Chason, Officer Creto, the Commissioner of the Bronx parole unit, and Parole Officer Rodriguez are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Leave to Amend

In an abundance of caution and in deference to Plaintiff's *pro se* status, he is granted a final opportunity to submit an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). Plaintiff is informed that the second amended complaint must comply with Rule 8(a), which requires a short and plain statement of the facts supporting Plaintiff's claims. To the extent Plaintiff elects to file a second amended complaint, he must name as the defendant(s) in the case caption and in the statement of claim those individuals allegedly involved in the deprivation of his federal rights. If Plaintiff does not know a defendant's name, he may refer to that individual as "John Doe" or "Jane Doe" in both the case caption and the body of the second amended complaint. In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all the information in the second amended complaint that he wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include

7

(1) the names and titles of all relevant people; (2) a description of all relevant events, including what each defendant did or failed to do, the date of each event, and the location where each event occurred; (3) a description of the injuries Plaintiff suffered; and (4) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief. The second amended complaint will completely replace, not supplement, the original and amended complaints.

Plaintiff is further informed that any second amended complaint that he files must focus solely on the acts or omissions that occurred in this judicial district which encompasses Kings (Brooklyn), Queens, Nassau, Suffolk, and Richmond (Staten Island) counties. *See* 28 U.S.C. §§ 1391(b)(1)-(2). Any claims related to events that occurred in the Bronx must be filed in the Southern District of New York. 28 U.S.C. § 112(b). In addition, Plaintiff is informed that Section 1983 claims are governed by a three-year limitation period, and he must explain the basis for his delay in bringing any claims filed beyond the three-year limitation period.

Finally, Plaintiff is advised that any second amended complaint should not contain the same claims against Defendants Judge Jane Doe or Assistant District Attorney Brensham. Those claims have been dismissed with prejudice and should not be re-alleged in another complaint.

## Conclusion

Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days from the date of this Order to submit a second amended complaint. If Plaintiff fails to comply with this Order within the 30 days allowed or fails to cure the deficiencies discussed herein, judgment shall enter dismissing the action.

The Clerk of Court is directed to mail Plaintiff a Section 1983 complaint form, to mail Plaintiff a copy of this Order, and to note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 26, 2023
       Brooklyn, New York